**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CONTRACTORS BONDING AND INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO.    5:20-cv-978 |
| DONAHUE ELECTRICAL SERVICES, LLC and AUSTIN MCELROY | § § § | |
| Defendant. | § § § | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Contractors Bonding and Insurance Company ("CBIC"), files this Complaint for

Declaratory Relief against Defendants Donahue Electrical Services, LLC ("Donahue Electrical

Services") and Austin McElroy as follows:

**I.**
**PARTIES**

1.      Plaintiff CBIC is an Illinois domiciled insurance company organized and existing under

the laws of the State of Illinois with its principal place of business in the State of Illinois and is,

therefore, a citizen of Illinois, as defined by 28 U.S.C. §1332.

2.      Defendant Donahue Electric Services is a Texas limited liability company with two

members, Devinn Donahue and Scott Donahue, both of whom are Texas residents.  Donahue

Electrical Services is, therefore, a citizen of a state other than Illinois, as defined by 28 U.S.C. § 1332.

Donahue Electrical Services may be served through its registered agent for service of process, Devinn

Donahue at 142 Rockingshire Court, Spring Branch, Texas 78070.

3.      Defendant Austin McElroy is a citizen of Comal County, Texas, residing at 530 Fawn

Drive, Spring Branch, Texas 78070, and can be served at that address.

## II.
## JURISDICTION AND VENUE ALLEGATIONS

4.       This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

5.       This Court has jurisdiction pursuant to 28 U.S.C. § 1332.   There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

6.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.       Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties concerning whether CBIC has a duty to defend and indemnify Donahue Electrical Services against the allegations made by Austin McElroy (the "Underlying Claimant") in an Underlying Lawsuit pending in the 224th District Court, Bexar County, Texas. By the terms and provisions of Title 28 U.S.C. §2201, this Court has the power to declare the obligations and duties of the parties and to grant such other relief as may be necessary.

## III.
## GENERAL ALLEGATIONS

A.       **The Underlying Lawsuit**

8.       On or about July 23, 2020, the Underlying Claimant filed Plaintiff's Original Petition against Donahue Electrical Services, and others, arising from injuries he allegedly sustained on or about June 30, 2020, while performing electrical services on behalf of Donahue Electrical Services.   A copy of Plaintiff's Original Petition in the underlying litigation, bearing cause number 2020C112784, is attached hereto as Exhibit 1 (the "Underlying Lawsuit").

9.       In the Original Petition in the Underlying Lawsuit, the Underlying Claimant alleges

that he was working as an employee for Donahue Electrical Services at the time of his injuries. He further alleges that "while working on a service pole in Bulverde, Texas, he suffered an electrical related injury which caused him to fall from his service ladder." As a result, the Underlying Claimant alleges that he was "seriously injured as a result of this incident, suffering multiple fractures and burns throughout his body."

10.    The Underlying Claimant asserts the following acts of negligence against Donahue Electrical Services: (a) negligent supervision; (b) negligent entrustment; (c) negligent training; and (d) negligent maintenance.

11.    The Underlying Claimant further seeks monetary damages in the Underlying Lawsuit exceeding $1,000,000.

**B.    The CBIC Policy**

12.    CBIC issued to Donahue Electrical Services a commercial general liability insurance policy, policy no. C11SL8955, effective November 29, 2019 – November 29, 2020, with limits of $300,000 per occurrence/$600,000 general aggregate (the "CBIC Policy"). A certified copy of the CBIC Policy is attached hereto as Exhibit 2.

13.    The insuring agreement of the CBIC Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

14. The CBIC Policy contains the following Exclusionary Endorsement (the "Action Over Endorsement"):

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ CAREFULLY.**

**ACTION OVER**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **SECTION I. COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, e. Employer's Liability,** is deleted and replaced with the following:

This insurance does not apply to:

**e.** **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" or "temporary worker" of any insured arising out of and in the course of:

**(a)** Employment by any insured; or
**(b)** Performing duties related to the conduct of any insured's business; or

**(2)** A fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

**(3)** The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether an insured may be liable as an employer or in any other capacity;

4

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; or

**(3)** To any liability assumed under any contract or agreement.

**B.** The following is added to **SECTION I. COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABLITY, 2. Exclusions**

This insurance does not apply to:

**Individuals Doing Work on Your Behalf**

"Bodily injury" to any of the following doing work on your behalf:

**(1)** Contractor;
**(2)** Subcontractor;
**(3)** Independent contractor;
**(4)** "Employee", "temporary worker" or "volunteer worker" of any contractor, subcontractor or independent contractor; or
**(5)** The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph **(1) – (4)** above.

**C.** **SECTION V – DEFINITIONS**, Paragraph **19.** is deleted and replaced with the following:

19. "Temporary worker" means any person other than an "employee" who is:
**a.** Furnished to you to substitute for a permanent "employee": or
**b.** A short-term worker.

15. Pursuant to the Action Over Endorsement, the CBIC Policy does not apply to "bodily injury" to an "employee", a "temporary worker", a contractor, a subcontractor, an independent contractor, or an "employee", "temporary worker" or "volunteer worker" of any contractor, subcontractor or independent contractor.

16. The CBIC Policy also provides as follows:

This insurance does not apply to:

. . . . . .

**d.** **Workers' Compensation And Similar Laws**

Any obligation of the insured under workers' compensation, disability benefits or unemployment compensation law or any similar law.

17. Accordingly, under any set of circumstances, there is no coverage under the CBIC

Policy for the claims asserted by the Underlying Claimant against Donahue Electrical Services in the Underlying Lawsuit.

## IV.

## JURY DEMAND

18.     CBIC requests that this civil action be tried before a jury.

## V.

## PRAYER

WHEREFORE, for the foregoing reasons, CBIC respectfully requests judgment against

Defendants as follows:

1.     A declaration that the CBIC Policy does not provide coverage for the Underlying Lawsuit and that CBIC does not owe Donahue Electrical Services a duty to defend or indemnify in connection with or arising from the Underlying Lawsuit; and

2.     Such other and further relief as to which CBIC is justly entitled.

Dated:   August 19, 2020.

Respectfully submitted,

*/s/ Greg K. Winslett*

_____
GREG K. WINSLETT
Attorney-In-Charge
State Bar No. 21781900
RICHARD L. SMITH, JR.
State Bar No. 18671200
gwinslett@QSLWM.com
rsmith@QSLWM.com
QUILLING, SELANDER, LOWNDS,
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**